```
                    FILED
               US DISTRICT COURT
               DISTRICT OF NEBRASKA

                  JUL 1 4 2009

              OFFICE OF THE CLERK
```

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RESONANCE INNOVATIONS LLC, | |
| Plaintiff / Counter-Defendant, | Case No. 8:08-cv-454 |
| vs. | |
| ADCO CIRCUITS, INC. | Honorable Judge Joseph F. Bataillon |
| Defendant / Counter-Plaintiff / Third Party Plaintiff | Magistrate Judge Thomas D. Thalken |
| vs. | |
| RANDALL JONES, | |
| Third Party Defendant | |

## STIPULATED PROTECTIVE ORDER

This matter having come before the Court upon the stipulation of the parties for entry of a Protective Order, and the Court being fully advised in the premises;

**IT IS HEREBY ORDERED:**

1.  Any party producing documents or other information (collectively "Information") in this litigation, which that party reasonably believes is confidential and/or proprietary, may designate such Information, or any part thereof, as confidential (hereinafter "Confidential Information"). Any discovery material designated Confidential Information shall be marked by the producing party with the legend "CONFIDENTIAL" on each page or object so designated. If discovery material was produced prior to the entry of this Protective Order, a producing party may deem the material as Confidential Information by identifying the corresponding Bates number(s) or by other means that sufficiently identifies the material.

1

2. If any Confidential Information is provided inadvertently by a party or is produced by a third party pursuant to a discovery request and/or subpoena to a discovering party without being marked as "Confidential" in accordance with the terms of this Order, the failure to so mark the Information shall not be deemed a waiver of the right to assert confidentiality. A party may designate the Information as "Confidential" at a later date, at which time the provisions of this Order shall apply prospectively to such information.

3. Each signatory hereto hereby agrees not to disclose Confidential Information to any person other than:

(a) counsel of record in this litigation and the attorneys, paralegals, and other employees of the firm where such counsel of record practices, or Court Reporters required to transcribe designated testimony, or employees of an independent photocopying, microfilming, or similar services utilized by such counsel of record, to whom such disclosure is reasonably deemed necessary by such counsel for the conduct of this litigation (collectively "Counsel");

(b) any party to this litigation and officers, directors and employees of a party, but only to the extent that such disclosure is reasonably deemed necessary by their respective Counsel for the conduct of this litigation, and provided that a party (or its officers, directors or employees) may retain Confidential Information only as long as it is necessary for the conduct of this litigation;

(c) independent experts and consultants retained by or associated with any party in order to assist its Counsel in the conduct of this litigation, but only to the extent that such disclosure is reasonably deemed necessary by such Counsel for the performance of such assistance, and provided further that such experts or consultants may retain Confidential Information only as long as is necessary for the performance of such assistance;

(d) a party or non-party witness and counsel for such witness in the course of his or her testimony in a deposition or trial conducted in this action to the extent deemed necessary by Counsel for a named party in order to examine such witness;

(e) persons who have prepared or assisted in the preparation of the Confidential Information or to whom the Confidential Information was addressed, delivered, or relates but only to the extent that such disclosure is deemed by Counsel to be necessary for the conduct of this litigation, and provided further that such persons may not retain any Confidential Information;

(f) subject to the provisions of Paragraph 7 below, the Court in this action and Court personnel, including a stenographic reporter or certified videotape operator engaged in such proceedings as are a necessary incident to trial of this action and/or preparation of this action for trial; and

(g) any other person to whom the parties agree in writing.

4. In addition to the protections afforded Confidential Information under this Protective Order, a producing party may designate any Confidential Information which it further reasonably believes constitutes a trade secret or other highly confidential research, development, or commercial information, the disclosure of which to the other party or public would cause the producing party competitive harm, as Highly Confidential/Attorneys' Eyes Only ("AEO") by stamping every page or object containing such Information "Highly Confidential/Attorneys' Eyes Only" or by otherwise so designating sections of deposition transcripts or answers to interrogatories that contain such Highly Confidential/Attorneys' Eyes Only information; provided that a party may not designate as AEO any information that belonged to or originated with the non-producing party, or any document or file that contains such information.

Information designated as AEO shall be subject to all of the restrictions, limitations and conditions pertaining to Confidential Information, and in addition, information designated as AEO shall be viewed only by outside Counsel and their expert witnesses or expert consultants retained by Counsel who have executed and delivered to producing counsel an executed original of the Undertaking, and Court Reporters required to transcribe designated testimony. Any deposition testimony or exhibits which are designated as "Highly Confidential/Attorneys' Eyes Only" should be separately transcribed, sealed and marked as "Highly Confidential/Attorneys' Eyes Only."

5. Before disclosing Confidential Information to any party or non-party witness, expert or consultant (other than the producing party and its officers, directors, employees and experts), Counsel contemplating disclosure shall require such persons to read a copy of this Protective Order and sign a copy of the Undertaking Regarding Confidentiality attached hereto ("Undertaking") affirming that the recipient (a) has read this Order and understands all of its terms, (b) agrees to abide by and to be bound by the terms of this Order; and (c) agrees to submit to the Court's jurisdiction for purposes of enforcement of this Order. Counsel shall retain each such Undertaking until such time as the litigation, including all appeals, is concluded and counsel has retrieved all Confidential Information from the recipient in compliance with paragraph 13 below.

6. This Order shall be without prejudice to the right of any party to object to any discovery request on the grounds, including without limitation, that the information requested is not relevant or otherwise discoverable.

7. If a document or deposition transcript containing "Confidential Information" is filed with the Court, it shall be filed with the Clerk of the Court as "Restricted," such that only the parties and the Court will be able to view the filing.

8. Should a need arise during the trial or any hearing before the Court for any of the Parties to cause "Confidential Information" to be disclosed in open court, it may do so only upon stipulation of the producing party or after the producing party is given reasonable notice of such intended disclosure and is given a reasonable opportunity to seek safeguards from the Court.

9. Confidential Information, whether or not ultimately made part of the public record, shall be used solely for purposes of the above-captioned litigation, including any appeals, and for no other business, litigation, or other purpose whatsoever.

10. This Stipulation and Protective Order shall not prevent any of the parties from moving this Court, after first having unsuccessfully requested withdrawal of a designation of "Confidential" or "Highly Confidential/Attorneys' Eyes Only," for an order that Information should not be designated as "Confidential" or "Highly Confidential/Attorneys' Eyes Only" and/or should not be subject to this Order. On such a motion, the party asserting confidentiality shall have the burden of proving that the Information embodies (a) confidential and/or proprietary information and should in fact be designated as "Confidential," or (b) a trade secret or other highly confidential research, development, or commercial information, the disclosure of which to the other party or public would cause the producing party competitive harm and should in fact be designated as the "Highly Confidential/Attorneys' Eyes Only."

11. The restrictions set forth in the preceding paragraphs shall not apply to Information which:

(a) is or becomes disclosed to the public other than through violation of this Order, provided, however, that Confidential Information shall not lose its Confidential status by reason of its use or disclosure in any proceeding in this litigation;

(b) is acquired by the non-producing party from a third party lawfully possessing such documents, materials or information; and

(c) was lawfully possessed by the non-producing party before discovery in this action.

12. Nothing in this Order shall:

(a) prevent or restrict any person from using or disclosing in any way information it has produced or disclosed in the course of discovery proceedings herein;

(b) prevent or restrict any person from seeking additional protection with respect to the disclosure of particular Information;

(c) prevent or restrict any person from seeking relief from this Protective Order for good cause shown;

(d) Prohibit a party from producing Confidential Information in its possession pursuant to a subpoena issued by any court, administrative or legislative body, or any other person purporting to have authority to subpoena such information, or by other compulsory process, provided that any person receiving such a subpoena or other process shall notify the party that originally produced the Information of such subpoena or process and provide them with a reasonable opportunity to file objections to such disclosure before the Confidential Information is disclosed.

13. Except as may be otherwise agreed by the parties, not later than 60 days after the conclusion of this litigation, including all appeals, all copies of Confidential Information

DB03/810753.0002/9170346.2 PF06

supplied by the other side shall be destroyed or returned to the party that furnished it, except for Confidential Information that has been incorporated into attorney work product. If a party destroys Confidential Information pursuant to this paragraph, it shall notify the party that furnished the Confidential Information within 14 days of the destruction.

DATED this 13th day of July, 2009.

Respectfully submitted,

ADCO CIRCUITS, INC.,
Defendant/Counter-Plaintiff/Third Party Plaintiff

By: s/ *Joseph A. Doerr*
    Joseph A. Doerr, *pro hac vice*
    DYKEMA GOSSETT PLLC
    Attorneys for ADCO Circuits, Inc.
    39577 Woodward Avenue, Suite 300
    Bloomfield Hills, Michigan 48304
    Phone: (248) 203-0875
    Fax: (248) 203-0763
    jdoerr@dykema.com

Mark A. Fahleson, #19807
REMBOLDT LUDTKE LLP
Co-Counsel for ADCO Circuits, Inc.
1201 Lincoln Mall, Suite 102
Lincoln, Nebraska 68509
402-475-5100
mfahleson@remboldtludtke.com

ATTORNEYS FOR
DEFENDANT/COUNTER-PLAINTIFF/
THIRD PARTY PLAINTIFF

DATED this 13th day of July, 2009.

Respectfully submitted,

RESONANCE INNOVATIONS LLC,
Plaintiff/Counter-Defendant, and
RANDALL JONES, Third-Party Defendant

By: s/ *Nora M. Kane*
    Mark J. Peterson, #18850
    Nora M. Kane, #21562
    Stinson Morrison Hecker LLP
    1299 Farnam Street, 15th Floor
    Omaha, Nebraska 68102-1818
    Phone: (402) 342-1700
    Fax: (402) 930-1701
    mpeterson@stinson.com
    nkane@stinson.com

ATTORNEYS FOR
PLAINTIFF/COUNTER-DEFENDANT

BY THE COURT:

_____
United States District Court Judge
          Magistrate

7

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RESONANCE INNOVATIONS LLC, | |
|    Plaintiff / Counter-Defendant, | Case No. 8:08-cv-454 |
| vs. | |
| ADCO CIRCUITS, INC. | Honorable Judge Joseph F. Bataillon |
|    Defendant / Counter-Plaintiff / Third Party Plaintiff | Magistrate Judge Thomas D. Thalken |
| Vs. | |
| RANDALL JONES, | |
|    Third Party Defendant | |

## UNDERTAKING REGARDING CONFIDENTIALITY

The undersigned individual hereby certifies that he/she has read the foregoing Protective Order, understands the terms thereof, and agrees to be bound thereby personally if receiving Confidential Information in the course of the above-captioned litigation.

The undersigned acknowledges that breach of the Protective Order shall be actionable by any aggrieved party, including any party to the Action that is the subject of the foregoing Protective Order, and that such breach shall subject the undersigned to any and all applicable legal and equitable remedies for enforcement for the Protective Order and/or relief, including damages, for its breach.

Promptly upon termination of this action, I will return all Confidential Information which came into my possession, and all documents or things which I have prepared relating thereto, to

8

my counsel, if a party to the case, or the counsel for the party by whom I am employed or retained.

I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

Date:_____      Name_____

DB03/810753.0002/9170346.2 PF06